UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
MATTHEW E. OREN,

          Appellant,

     -against-                                    **MEMORANDUM & ORDER**
                                                     10-CV-2489 (RRM)
STEPHEN NICHOLAS,

          Appellee.
------------------------------------------------------X
**MAUSKOPF, United States District Judge.**

        The instant case is an appeal from an Order of the Bankruptcy Court for the Eastern District of New York issued in the context of an adversary proceeding that Stephen Nicholas ("Appellee") commenced shortly after he filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. On April 14, 2010, *pro se* appellant Matthew E. Oren ("Appellant") filed a notice of appeal from the Bankruptcy Court's March 31, 2010 Order denying Appellant's motion requesting, *inter alia*, reconsideration under Rule 59 of the Federal Rules of Civil Procedure. (*See* Doc. No. 1.) The appeal was docketed on June 1, 2010 and assigned to the Honorable I. Leo Glasser. *Id.* On November 4, 2010, the case was transferred to this Court. (*See* Doc. No. 2.)

        In the five months between the docketing of the appeal and the reassignment to this Court, Appellant did nothing. On November 8, 2010, this Court ordered Appellant to serve his brief by November 29, 2010. (*See* Doc. No. 3.) On November 10, 2010, a hard copy of the November 8, 2010 Order was mailed to Appellant. On December 3, 2010, Appellee's counsel informed the Court by letter that Appellant had neither complied with this Court's November 8, 2010 Order, nor explained his failure to comply. (*See* Doc. No. 4.) Indeed, Appellant has not communicated with the Court in the six months since he filed his notice of appeal.

Under Rule 8009 of the Federal Rules of Bankruptcy Procedure, "[u]nless the district court or the bankruptcy appellate panel by local rule or by order excuses the filing of briefs or specifies different time limits[,] [t]he appellant shall serve and file a brief within 14 days after entry of the appeal on the docket pursuant to Rule 8007." When an appellant does not comply with Rule 8009, the "court should exercise discretion to determine whether dismissal [for failure to timely file a brief] is appropriate in the circumstances, and its discretion to dismiss will be affirmed unless it has abused its discretion." *Balaber-Strauss v. Reichard (In re Tampa Chain Co.)*, 835 F.2d 54, 55 (2d Cir. 1987) (collecting cases); *see also* Bankr. R. 8001(a) ("An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal.").

In deciding whether dismissal is appropriate, the Court should consider whether the appellant has exhibited "bad faith, negligence [or] indifference." *See In re Tampa Chain Co.*, 835 F.2d at 55. Where appellants have not submitted briefs for months after filing their notices of appeal, district courts have dismissed their bankruptcy appeals with prejudice. *See, e.g., id.* at 56 (affirming dismissal of a bankruptcy appeal when *pro se* appellants did not file a brief for seven months after the due date and offered no explanation for [their] failure); *In re A&J Elastic Mills, Inc.*, 34 B.R. 977, 978–79 (S.D.N.Y. 1983) (appellant's failure to file a brief for three months was unreasonable and inexcusable where [it] failed to contact the court for over two months). Moreover, Appellant's *pro se* status does not impact this analysis. *See, e.g., Edwards v. INS*, 59 F.3d 5, 8 (2d Cir. 1995) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them.") (citations omitted); *see also Bristol v. Ackerman (In re Marcel C. Bristol)*, No. 09-CV-1638(JFB), 2010 U.S. Dist. LEXIS

27647, *7 (E.D.N.Y. Mar. 24, 2010) (dismissing *pro se* litigant's bankruptcy appeal for failing to timely file a brief where he did not communicate with the court regarding his breach of the bankruptcy rules or otherwise).

Here, Appellant has demonstrated inexcusable indifference to pursuing his appeal. He has not communicated with the Court in any way in the six months since filing his notice of appeal. Moreover, Appellant has flouted two deadlines. First, Appellant violated Bankruptcy Rule 8009 when he did not file a brief within fourteen days of entry of this appeal on the docket pursuant to Bankruptcy Rule 8007. Second, Appellant failed to meet the deadline set by this Court on November 8, 2010. (*See* Doc. No. 3, 4.)

For the reasons set forth above, Appellant's appeal is DISMISSED with prejudice. The Clerk of Court shall enter judgment accordingly and close the case. The Clerk of Court is further directed to mail a hard copy of this Memorandum and Order to Appellant via U.S. Mail.

SO ORDERED.

Dated: Brooklyn, New York
December 8, 2010

s/Roslynn R. Mauskopf
_____
ROSLYNN R. MAUSKOPF
United States District Judge