UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
MATTHEW E. OREN,

        Appellant,

  -against-                                       **MEMORANDUM & ORDER**
                                                   10-CV-2489 (RRM)

STEPHEN NICHOLAS,

        Appellee.
--------------------------------------------------------X
**MAUSKOPF, United States District Judge.**

        The instant case is an appeal from an Order of the Bankruptcy Court for the Eastern District of New York issued in the context of an adversary proceeding that Stephen Nicholas ("Appellee") commenced shortly after he filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. On December 9, 2010, this Court dismissed the appeal, finding that Appellant "demonstrated inexcusable indifference to pursuing his appeal." Judgment against Appellant entered thereafter.

        On December 29, 2010, Appellant filed a Motion for Reconsideration of the Court's December 9 Order, and a Motion to Vacate the Judgment. The Court DENIES both motions.

        First, to this day, Appellant provides no reason for why he failed to comply with the requirements of Bankruptcy Rule 8009 when he failed to file his brief on appeal within fourteen days of the entry of the appeal on the docket. Appellant's *pro se* status does not excuse him from this requirement. *See, e.g., Edwards v. INS*, 59 F.3d 5, 8 (2d Cir. 1995) ("[P]ro se litigants generall are required to inform themselves regarding procedural rules and to comply with them.") (citations omitted).

        Second, Appellant claims that he did not receive the Court's November 10, 2010 briefing schedule until the Court had already dismissed his appeal. In his December submission,

1

Appellant asserts that he was absent from New York State "over most of the past 2-3 months," and that a friend, who periodically collected his mail, forwarded only bills to Appellant's "personal assistant in North Carolina." (See Doc. No. 9 at 5.) While he acknowledges that the Court mailed all of the relevant Court documents to Appellant, including the November Order setting a briefing schedule, Appellant "presumes" that the friend did not forward it. These excuses in no way provide sufficient cause to vacate the Court's Order and Judgment. First, Appellant cannot state with certainty that his friend did not forward the Order to Appellant. Second, Appellant was not wholly absent from New York during this period and could have obtained his mail while in New York. Moreover, nothing prevented Appellant from inquiring by phone or accessing PACER to check on the status of his appeal. Finally, notwithstanding his alleged medical conditions, Appellant managed to live away from home for several months, submit this 59-plus motion (with attachments), and, as described below, continue to litigate this action *pro se* in the Bankruptcy Court and file ancillary litigation in state court. As Appellant himself describes, while not a lawyer, Appellant is "highly educated and sufficiently familiar with legal matters to represent [him]self, partly out of necessity, and partly out of choice." (*Id*. at 25.) As Appellee notes, "the fact that [Appellant] decided to delegate reviewing court papers to somebody who could not tell the difference between a pleading from the United States District Court for the [Eastern] District of New York and 'junk mail'" should not be foisted upon the Court or Appellee. (Doc. No. 7 at 2.) The alleged failures of Appellant's friend notwithstanding, Appellant had a duty to vigilantly perfect his appeal. His failure to so do, as set forth in this Court's December Memorandum and Order, constitutes indifference that is not excused by the assertions set forth in the instant motion. *See, e.g., Bristol v. Ackerman (In re Marcel C. Bristol)*, No. 09-CV-1638(JFB), 2010 U.S. Dist. LEXIS 27647, *7 (E.D.N.Y. Mar. 24,

2

2010) (dismissing *pro se* litigant's bankruptcy appeal for failing to timely file a brief where he did not communicate with the court regarding his breach of the bankruptcy rules or otherwise); *see also In re A&J Elastic Mills, Inc.*, 34 B.R. 977, 978–79 (S.D.N.Y. 1983) (appellant's failure to file a brief for three months was unreasonable and inexcusable where [it] failed to contact the court for over two months).

Finally, it appears that rather than perfect this appeal, Appellant sued the debtor (and others) in state court, seeking to file collateral attacks on all of the existing orders of the Bankruptcy Court. (*See* Doc. No. 7 at 1, and Exs. 1, 2.) As Appellee notes, Appellant was well aware of the pendency of the instant appeal during the litigation both in the state and bankruptcy courts, yet Appellant fails to address why he took no steps to perfect the instant appeal. (*Id.*) A review of the Bankruptcy Court docket reveals that the state court litigation was removed to the Bankruptcy Court. And ultimately, Appellants claims, including his cross-motion to reconsider the orders at issue on the instant appeal, were not only roundly rejected by the Bankruptcy Court, but Appellant was sanctioned as well. (*See Nicholas v. Oren*, 8-07-8222 (CEC), Doc. No. 67 (Bankr. E.D.N.Y. Aug. 3, 2011); *see also In re Nicholas*, 8-07-73330 (CEC), Doc. No. 92 (Bankr. E.D.N.Y. Aug. 3, 2011).

For all of these reasons, and for the reasons set forth in its Memorandum and Order of December 29, 2010, Appellant's Motion to Reconsider and his Motion to Vacate the Judgment are DENIED. The Clerk of Court is directed to close the file.

SO ORDERED.

Dated: Brooklyn, New York  *Roslynn R. Mauskopf*
September 12, 2011  _____